IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| ELLWOOD CITY FORGE COMPANY, ET AL. | ) |
| *Plaintiffs*, | ) |
| v. | ) Consol. Ct. No. 21-00077 |
| UNITED STATES, | ) |
| *Defendant*, | ) |
| and | ) |
| BGH EDELSTAHL SIEGEN GMBH, | ) |
| *Defendant-Intervenor*. | ) |

**JOINT STATUS REPORT AND PROPOSED BRIEFING SCHEDULE**

Consolidated Plaintiffs Ellwood City Forge Company, Ellwood Quality Steels Company, Ellwood National Steel Company, and A. Finkl & Sons ("Plaintiffs") have consulted with all parties of record to this proceeding and hereby submit the following Joint Status Report and Proposed Briefing Schedule, as required by Rule 56.2(a) of the Rules of this Court.

**I. Joint Status Report**

The parties' responses to the questions set forth in Rule 56.2(a) are as follows:

**A. Does the Court have jurisdiction over the action?**

This appeal challenges certain affirmative and negative aspects of the final determination of the United States Department of Commerce and the antidumping order in *Forged Steel Fluid End Blocks from the Federal Republic of Germany: Final Determination of Sales at Less Than Fair Value*, 85 Fed. Reg. 80,018 (Dep't of Commerce December 11, 2020) as amended by *Forged Steel Fluid End Blocks From the Federal Republic of Germany and Italy: Amended Final Antidumping Duty Determination for the Federal Republic of Germany and Antidumping Orders*, 86 Fed. Reg. 7,528 (Dep't of Commerce January 29, 2021). Plaintiffs believe that the

Court has exclusive jurisdiction over these actions pursuant to 28 U.S.C. § 1581(c) because this action is commenced under 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and (B)(i). Defendant, the United States, and Defendant-Intervenor, BGH Edelstahl Siegen GmbH ("BGH"), are unaware of any basis upon which to challenge the Court's jurisdiction at this time.

    **B. Should the case be consolidated with any other case, or should any portion of the case be severed, and the reasons therefore?**

By order dated May 7, 2021, the Court consolidated *BGH Edelstahl Siegen GmbH v. United States*, Ct. No. 21-00079, into *Ellwood City Forge Company, et al. v. United States*, Ct. No. 21-00077. The parties do not believe consolidation with any other cases is appropriate. Plaintiffs and Defendant do not consider that any portion of this case should be severed. As stated under item I.D. below, Defendant-Intervenor, BGH, believes that severance of any issues concerning Commerce's particular market situation (PMS) determination on electricity that depend upon the validity or calculations in the final countervailing duty determination challenged in *BGH Edelstahl Siegen GmbH v. United States, Ct. No. 21-00080 (CIT)* may be appropriate.

    **C. Should further proceedings in this case be deferred pending consideration of another case before the Court or any other tribunal and the reasons therefore?**

Plaintiffs and Defendant agree that further proceedings should not be deferred pending consideration of another case before this Court or any other tribunal. As stated under item I.D. below, Defendant-Intervenor, BGH, believes that final decision on any issues in this present case challenging Commerce's PMS determination on electricity depending upon the validity or calculations in the final countervailing duty determination should be deferred until a final decision with respect to the final countervailing duty determination in *BGH Edelstahl Siegen GmbH v. United States, Ct. No. 21-00080 (CIT)*.

**D. Is there any other information of which the Court should be aware at this time?**

Defendant-Intervenor, BGH, would like to inform the Court that the final determination of the companion countervailing duty investigation, which forms a basis for Commerce's particular market situation (PMS) determination regarding electricity challenged in Counts I and II of BGH's complaint, are currently subject to appeal in *BGH Edelstahl Siegen GmbH v. United States, Ct. No. 21-00080 (CIT)*.  To the extent that any issues in this present case challenging the PMS determination on electricity depend upon the validity or calculations in the final countervailing duty determination, final decision on such issues should be deferred until a final decision with respect to the final countervailing duty determination in *BGH Edelstahl Siegen GmbH v. United States, Ct. No. 21-00080 (CIT)*.  Severance of these issues may also be appropriate; although BGH has alleged grounds in Counts I and II of its complaint that form a basis for reversal of Commerce's PMS determination on electricity independent of the validity of the countervailing duty determination.  Defendant and Plaintiffs Ellwood City Forge Company, *et al*. do not agree that a severance or a stay would be appropriate in this case.  There is no other information of which the Court should be aware at this time.

II.    **Proposed Briefing Schedule**

The parties have consulted and have agreed upon a briefing schedule, as follows:

- Plaintiffs shall file their Rule 56.2 Motions for Judgment Upon the Agency Record and opening briefs on or before August 9, 2021;

- Defendant and Defendant-Intervenors shall file their responses on or before November 17, 2021; and

- Plaintiffs shall file their reply briefs on or before December 17, 2021.

In accordance with Rule 56.2(c)(3), Plaintiffs shall file the joint appendix 14 days after the due date for the reply briefs.  In accordance with Rule 7(c), any motion for oral argument is due within 21 days of the filing of the reply brief.

A proposed Scheduling Order reflecting the above is attached.

                                          Respectfully submitted,

/s/ Myles S. Getlan
Myles S. Getlan
Jack A. Levy
Thomas M. Beline
James E. Ransdell
Nicole Brunda
CASSIDY LEVY KENT (USA) LLP
900 19th Street, NW, Suite 400
Washington, D.C. 20006
Phone: (202) 567-2313
Fax: (202) 567-2301
Email: mgetlan@cassidylevy.com

*Counsel to Plaintiffs, Ellwood City Forge Company, Ellwood Quality Steels Company, Ellwood National Steel Company, and A. Finkl & Sons*

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

/s/ Sarah E. Kramer
Of Counsel:                              Sarah E. Kramer
Savannah Rose Maxwell         United States Department of Justice
U.S. Department of Commerce    Commercial Litigation Branch
Office of the Chief Counsel for     Civil Division
Trade Enforcement and Compliance  P.O. Box 480
1401 Constitution Avenue, NW    Ben Franklin Station
Washington, DC 20230              Washington, DC 20044
Phone: (202) 482-3748           Phone: (202) 353-0537
Fax: (202) 482-4912               Fax: (202) 305-2062
Email: savannah.maxwell@trade.gov  Email: sarah.e.kramer@usdoj.gov

*Counsel to Defendant, United States*

/s/ Marc E. Montalbine
Marc E. Montalbine*
J. Kevin Horgan
Gregory S. Menegaz
Alexandra H. Salzman**
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.
Washington D.C. 20005
Phone: (202) 783-6900
Fax: (202) 783-6909
Email: montalbine@dhlaw.de

*Counsel to Defendant-Intervenor BGH Edelstahl Siegen GmbH*

*Admitted to Virginia Bar; practice limited to Federal International Trade Matters pursuant to D.C. Bar Rule 49(c)(2).

**Admitted to California Bar; practice supervised by attorneys of the firm who are active D.C. Bar members pursuant to D.C. Bar Rule 49(c)(8).

Dated:  May 7, 2021

# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

|  |  |
|---|---|
| ELLWOOD CITY FORGE COMPANY, ET AL., <br><br>        *Plaintiffs*, <br><br>v. <br><br>UNITED STATES, <br><br>        *Defendant*, <br>and <br><br>BGH EDELSTAHL SIEGEN GMBH, <br><br>        *Defendant-Intervenor*. | Consol. Ct. No. 21-00077 |

## **SCHEDULING ORDER**

All counsel having consulted and consented in this matter, the following schedule for this action is adopted:

(1) Plaintiffs shall file their Rule 56.2 Motions for Judgment Upon the Agency Record and opening briefs on or before August 9, 2021;

(2) Defendant and Defendant-Intervenors shall file their responses on or before November 17, 2021; and

(3) Plaintiffs shall file their reply briefs on or before December 17, 2021.

(4) Plaintiffs shall file the joint appendix 14 days after the due date for reply briefs.

(5) Motions for oral argument are due within 21 days of the filing of any reply briefs.

Pursuant to Rules 1, 16, and 56.2 of the Rules of the United States Court of International Trade, the foregoing schedule is hereby made an order of the Court.

Dated: _____            _____
       New York, New York                           Stephen Alexander Vaden, JUDGE