IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| ELLWOOD CITY FORGE COMPANY,<br>ELLWOOD QUALITY STEELS COMPANY,<br>ELLWOOD NATIONAL STEEL COMPANY,<br>and A. FINKL & SONS,<br><br>     Plaintiffs,<br> v.<br><br>UNITED STATES,<br><br>     Defendant,<br><br>     and<br><br>BGH EDELSTAHL SIEGEN GMBH,<br><br>     Defendant-Intervenor. | Consol. Court No. 21-00077 |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' COMMENTS ON THE REMAND REDETERMINATION AND REQUEST FOR PARTIAL VOLUNTARY REMAND**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

SARAH E. KRAMER
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 353-0537
Fax: (202) 305-2062
Email: sarah.e.kramer@usdoj.gov

OF COUNSEL:

ALEXANDER FRIED
Attorney
Office of the Chief Counsel for Trade
Enforcement and Compliance
United States Department of Commerce

April 28, 2023              Attorneys for Defendant, United States

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ............................................................................................................................2

    I.       Standard Of Review ...............................................................................................2

    II.      Request For Voluntary Remand Regarding Revisions To The Margin Program .................4

    III.     Commerce Complied With The Court's Remand Order To Reconsider The PMS Adjustment And Considered All Relevant Arguments .......................................................5

CONCLUSION .........................................................................................................................8

# **TABLE OF AUTHORITIES**

<u>Cases</u>

*Ad Hoc Shrimp Trade Action Comm. v. United States*,
   882 F. Supp. 2d 1377 (Ct. Int'l Trade 2013) ............................................................................ 4

*Alpharma, Inc. v. Leavitt*,
   460 F.3d 1 (D.C. Cir. 2006) ...................................................................................................... 6

*Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States*,
   925 F. Supp. 2d 1332 (Ct. Int'l Trade 2013) ............................................................................ 4

*Biden v. Texas*,
   142 S. Ct. 2528 (2022) ......................................................................................................... 3, 7

*Bonney Forge Corp. v. United States*,
   560 F. Supp. 3d 1303 (Ct. Int'l Trade 2022) ........................................................................ 3, 8

*Consol. Edison Co. v. NLRB*,
   305 U.S. 197 (1938) ................................................................................................................. 3

*Consolo v. Fed. Mar. Comm'n*,
   383 U.S. 607 (1966) ................................................................................................................. 3

*Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*,
   140 S. Ct. 1891 (2020) ......................................................................................................... 3, 6

*Ellwood City Forge Co. et. al. v. United States*,
   600 F. Supp. 3d 1281 (Ct. Int'l Trade 2022) ........................................................................ 2, 8

*Ethyl Corp. v. Browner*,
   989 F.2d 522 (D.C. Cir. 1993) ................................................................................................. 5

*Gleason Indus. Prods., Inc. v. United States*,
   31 CIT 393 (2007) .................................................................................................................... 5

*Hyundai Steel Co. v. United States*,
   19 F.4th 1346 (Fed. Cir. 2022) ........................................................................................ 2, 5, 7

*In Re Section 301 Cases*,
   No. 21-00052-3JP, 2023 WL 2553926 (Ct. Int'l Trade Mar. 17, 2023) ................................... 6

*I.N.S. v. Elias-Zacarias*,
   502 U.S. 478 (1992) ................................................................................................................. 3

*MacLean-Fogg Co. v. United States*,
   100 F. Supp. 3d 1349 (Ct. Int'l Trade 2015) ............................................................................ 2

*Michigan v. EPA*,
   576 U.S. 743 (2015) ................................................................................................. 3

*Nippon Steel Corp. v. United States*,
   458 F.3d 1345 (Fed. Cir. 2006) ................................................................................ 3

*SeAH Steel Corp. v. United States*,
   704 F. Supp. 2d 1353 (Ct. Int'l Trade 2010) ............................................................ 4

*SKF USA Inc. v. United States*,
   254 F.3d 1022 (Fed. Cir. 2001) ................................................................................ 4

*U.H.F.C. Co. v. United States*,
   916 F.2d 689 (Fed. Cir. 1990) .................................................................................. 6

Statutes

19 U.S.C 1677b ................................................................................................................ 7, 8

Rules

USCIT R. 56.2 ..................................................................................................................... 5

Other Authorities

*Forged Steel Fluid End Blocks from the Federal Republic of Germany: Final Determination of Sales at Less Than Fair Value,* 85 Fed. Reg. 80,018
   (Dep't of Commerce Dec. 11, 2020) ....................................................................... 1

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| ELLWOOD CITY FORGE COMPANY, ELLWOOD QUALITY STEELS COMPANY, ELLWOOD NATIONAL STEEL COMPANY, and A. FINKL & SONS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> BGH EDELSTAHL SIEGEN GMBH, <br><br> Defendant-Intervenor. | Consol. Court No. 21-00077 |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' COMMENTS ON THE REMAND REDETERMINATION AND REQUEST FOR PARTIAL VOLUNTARY REMAND**

Defendant, the United States, respectfully submits this response to the comments filed by plaintiffs Ellwood City Forge Company, Ellwood Quality Steels Company, Ellwood National Steel Company, and A. Finkl & Sons (collectively, plaintiffs) concerning the Department of Commerce's (Commerce) remand redetermination in this matter. *See* Final Results of Redetermination Pursuant to Court Remand, Appx012105-012116 (Remand Redetermination). In its remand redetermination, Commerce revised its determination in its less-than-fair value investigation concerning forged steel fluid end blocks from Germany. *See Forged Steel Fluid End Blocks from the Federal Republic of Germany: Final Determination of Sales at Less Than*

1

*Fair Value,* 85 Fed. Reg. 80,018 (Dep't of Commerce Dec. 11, 2020), Appx002336-002338, and the accompanying Issues and Decision Memorandum, Appx002278-002335.

In its November 8, 2022 Opinion and Order, the Court remanded for reconsideration of Commerce's particular market situation (PMS) adjustment. *See Ellwood City Forge Co. et. al. v. United States*, 600 F. Supp. 3d 1281, 1303 (Ct. Int'l Trade 2022) ("{T}he Court remands this issue to allow Commerce to recalculate the dumping margin without impermissible cost-based particular market situation adjustments for BGH's electricity and ferrochrome inputs."). The Court elaborated that "{t}his case is remanded on narrow grounds . . . only . . . a remand based on Commerce's illegal finding of a particular market situation is granted." *Id.* at 1308.

On remand, consistent with the Court of Appeals for the Federal Circuit's opinion in *Hyundai Steel Co. v. United States*, 19 F.4th 1346 (Fed. Cir. 2022), Commerce continued to make a PMS adjustment for the comparisons based on constructed value but removed the PMS adjustment when applying the sales-below-cost test. *See* Remand Redetermination at Appx012105. After BGH Edelstahl Siegen GMBH pointed out a mathematical error in the draft remand results, Commerce changed its calculations for the Remand Redetermination. *See* Remand Redetermination at Appx012113-012114. Ellwood has pointed out a potential concern in the calculations for the Remand Redetermination, and we request that the Court permit a partial remand on this specific issue for Commerce to reconsider its calculations.

**ARGUMENT**

I.  **Standard Of Review**

In remand proceedings, the Court will sustain Commerce's determinations if they are "in accordance with the remand order, are supported by substantial evidence, and are otherwise in accordance with law." *MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 & n.37

(Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).  "Substantial evidence" connotes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  Substantial evidence may be "less than the weight of the evidence" and "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."  *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) (citations omitted).  Indeed, when, as here, Congress entrusts an agency to administer a statute demanding inherently fact-intensive inquiries, the agency's conclusions may be set aside only if the record evidence is "so compelling that no reasonable factfinder" could reach the same conclusion. *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).  Thus, a party challenging a determination under the substantial evidence standard "has chosen a course with a high barrier to reversal." *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1352 (Fed. Cir. 2006) (citation omitted).

      As this Court has stated, on remand "Commerce still only has two paths available to it: It can expand on the original explanations offered for the chosen action, or it may take new agency action consistent with procedural requirements."  *Bonney Forge Corp. v. United States*, 560 F. Supp. 3d 1303, 1311 (Ct. Int'l Trade 2022) (discussing *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1907-08 (2020) (*Regents*)).  While the second option is more onerous, "the benefit is that the agency is 'not limited to its prior reasons' in justifying its decision." *Biden v. Texas*, 142 S. Ct. 2528, 2546 (2022) (discussing *Regents*).  Here, because Commerce chose the first option, the rule against post hoc rationalization applies and Commerce's remand must be "anchored to 'the grounds that the agency invoked when it took the action,'" *id.* (quoting *Michigan v. EPA*, 576 U.S. 743, 758 (2015)).

## II.     Request For Voluntary Remand Regarding Revisions To The Margin Program

We respectfully request that the Court remand the redetermination to Commerce for further consideration of its revisions to the margin program.  Plaintiffs argue that the revised program contained errors and Commerce would like an opportunity to address this issue.  *See* Plaintiffs' Comments in Opposition to the Final Results of Redetermination Pursuant to Court Remand at 2-7, Apr. 13, 2023, ECF No. 62 (Pls. Br.).  An agency may ask the Court to remand a matter so that Commerce may reconsider its prior position.  *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001).  There are multiple scenarios in which an agency may seek a remand which include:  (a) to reconsider its decision because of intervening events outside of the agency's control; (b) in the absence of intervening events, the agency may request a remand, without confessing error, to reconsider its previous position; and (c) because it believes that its original decision was incorrect on the merits and it wishes to change the result.  *Id.* at 1028.

Although the Court has discretion over whether to grant a remand, the Federal Circuit has instructed that "if the agency's concern is substantial and legitimate, a remand is usually appropriate." *Id.* at 1029; *see also Ad Hoc Shrimp Trade Action Comm. v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013); *SeAH Steel Corp. v. United States*, 704 F. Supp. 2d 1353, 1378 (Ct. Int'l Trade 2010).  "{C}oncerns are considered substantial and legitimate when (1) Commerce supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1338-39 (Ct. Int'l Trade 2013).  When an agency seeks remand to address a substantial and legitimate concern, it is appropriate for a court to defer to the agency whose expertise consists of administering the statute.  *Gleason Indus. Prods., Inc. v. United States*, 31 CIT 393, 396 (2007); *see also Ethyl*

*Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993) ("We commonly grant such motions {for voluntary remand}, preferring to allow agencies to cure their own mistakes rather than wasting the court's and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.").

Here, a remand is appropriate so that Commerce can reconsider its calculation in light of plaintiffs' argument that Commerce made errors in the margin program. We respectfully propose that the Court provide 30 days for Commerce to submit its remand redetermination on this narrow issue to the Court and allow for comments on the remand redetermination in accordance with Rule 56.2(h) of the Rules of the Court.

### III.   Commerce Complied With The Court's Remand Order To Reconsider The PMS Adjustment And Considered All Relevant Arguments

Plaintiffs claim that Commerce refused to consider newfound "alternative statutory pathways" to adjusting price-to-price antidumping comparisons to account for a PMS that distorts production costs and misread the Court's remand order. Plaintiffs are incorrect on both counts. It is precisely because plaintiffs raised new arguments ("alternative statutory pathways") that make it "not appropriate to address those arguments in the context of these final results of redetermination." Remand Redetermination at Appx012110. Although plaintiffs purport to rely on the Federal Circuit's decision in *Hyundai Steel* for support, that decision underscored the "well-settled principle of administrative law" plaintiffs are now asking this Court to ignore. *Hyundai Steel*, 19 F.4th at 1356 ("{U}nder well-settled principles of administrative law, Commerce's failure to base its ruling in whole or in part on section 1677b(f)(1)(A) *means that section 1677b(f) is not available as an alternative ground for upholding Commerce's final determination.*") (emphasis added). At no point leading up to Commerce's determination were these "alternatives" raised and thus, at no point did Commerce discuss them. In other words,

5

Commerce is unable to "reconsider" plaintiffs "alternative statutory routes" because the alternatives were not raised to Commerce in the first instance. Accordingly, because Commerce addressed all relevant arguments and acted consistent with the Court's Remand Order, this Court should sustain Commerce's Remand Redetermination on this issue.

On remand, an "agency can offer a fuller explanation of the agency's reasoning *at the time of the agency action* . . . . This route has important limitations. When an agency's initial explanation indicate[s] the determinative reason for the final action taken, the agency may elaborate later on that reason (or reasons) but may not provide new ones." *Regents*, 140 S. Ct. at 1907-08 (citations and internal quotation marks omitted). As articulated by the Court of Appeals for the District of Columbia Circuit in *Alpharma, Inc. v. Leavitt*, 460 F.3d 1 (D.C. Cir. 2006), and recently referenced by this Court in *In Re Section 301 Cases,* No. 21-00052-3JP, 2023 WL 2553926 (Ct. Int'l Trade March 17, 2023), the rule against post hoc rationalizations "applies to rationalizations offered for the first time in litigation affidavits and arguments of counsel." *Alpharma Inc.* 460 F.3d at 6-7. Because "{p}ost-hoc rationalizations of agency actions first advocated by counsel in court may not serve as the basis for sustaining the agency's determination," *U.H.F.C. Co. v. United States*, 916 F.2d 689, 700 (Fed. Cir. 1990), Commerce addressed plaintiffs' comments—first raised in litigation and again on remand—concluding that "it is not appropriate to address those arguments in the context of these final results of redetermination," Remand Redetermination at Appx012110.

Plaintiffs first highlighted "alternative statutory routes" to reaching a PMS determination after Commerce's original determination. *See* Plaintiffs' Response Brief in Opposition to BGH's Rule 56.2 Motion at 7-8, Dec. 17, 2021, ECF Doc. 33. They tried again during remand. *See* Letter from Cassidy Levy Kent (USA) LLP at 7, Appx012072 ("Plaintiffs advocated alternative

6

statutory pathways whereby Commerce could make corrective adjustments during remand.") (Pls. Remand Cmts). Plaintiffs' "alternative statutory routes" are not just new legal arguments, but they demand new factual analysis.[1] *See* Pls. Br. at 8; *see also Hyundai Steel*, 19 F. 4th at 1355 (noting that Commerce must make a different finding under 19 U.S.C. § 1677b(a)(1)(C)(iii)). Because the prohibition on post hoc rationalization "ensure(s) that the agency's supplemental explanation is anchored to the grounds that the agency invoked when it took the action," Commerce is unable to visit these "alternative statutory routes" to reach a PMS determination for the first-time during remand. *See Biden*, 142 S. Ct. at 2546 (citation and internal quotation marks omitted).

Plaintiffs are correct that Commerce must consider all relevant arguments, but an argument is not relevant where it is not able to be considered. Plaintiffs claim that they advanced "numerous permissible alternatives" for the relief they are seeking in front of this Court and on remand, *see* Pls. Remand Cmts at Appx012069, but only *originally* asked Commerce to consider the exact statutory interpretation that was held unlawful in *Hyundai Steel*. Thus, although plaintiffs may be correct that Commerce "may conclude" that the preconditions set forth in 19

---

[1] During the administrative proceeding, plaintiffs made arguments regarding a PMS adjustment under 19 U.S.C 1677b(e). As the Federal Circuit ruled that Commerce may not make a PMS adjustment based on 19 U.S.C 1677b(e) in *Hyundai Steel*, plaintiffs advocate for "alternative statutory routes" to reach the same determination. 19 F.4th 1346 (Fed. Cir. 2022). Commerce is unable to opine on the validity of these alternatives in part because 1677b(a)(1)(C)(iii) and 1677b(f)(1)(A) require new factual analysis. Indeed, plaintiffs detail the factual findings Commerce would need to make to take their "alternative statutory routes." When discussing 1677b(f)(1)(A), plaintiffs highlight "Commerce may conclude that BGH's books and records. . . cannot "reasonably reflect" the costs of producing subject merchandise." Pls. Br. at 12-14. Similarly, plaintiffs argue "Commerce can separately perform an adjusted test to identify any home market sales prices falling below production costs" to reach the same result, avoiding the methodology held unlawful by *Hyundai Steel* through 1677b(a)(1)(C)(iii). Pls. Br. at 16-17.

U.S.C. § 1677b(f)(1)(A) are not met, the agency is barred from doing so for the first-time during this remand. *See* Pls. Br. at 13.

The Court stated "Commerce's determination is remanded for reconsideration of the particular market situation adjustment consistent with this opinion." *See Ellwood City,* 600 F. Supp. 3d at 1308. Plaintiffs claim that Commerce unlawfully refused to consider their arguments because "the Court's order necessarily declined to rule out alternative bases for adjusting BGH's distorted costs." Pls. Br. at 9. But Commerce may not "reconsider" what was not there to consider in the first place. Plaintiffs discuss several cases to highlight the proposition that Commerce must consider all relevant arguments or be remanded, including in *Bonney Forge,* 560 F. Supp. 3d at 1310. *See* Pls. Br. at 8. In that case, where there was record evidence and an argument to the contrary, the Court remanded Commerce's decision because Commerce "completely failed to address Plaintiffs' request for virtual verification" made at the investigation stage. *Bonney Forge*, 560 F. Supp. 3d at 1311. In the case at hand, the record is devoid of plaintiffs' "alternative statutory routes" and the requisite factual analysis. As such, "it is not appropriate to address those arguments in the context of these final results of redetermination." Remand Reconsideration at 6.

## **CONCLUSION**

For these reasons, we respectfully request that the Court remand to Commerce to consider and address any revisions, if needed, to the margin program but sustain Commerce's Remand Redetermination in all other respects.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | /s/ Franklin E. White, Jr.<br>FRANKLIN E. WHITE, JR.<br>Assistant Director |
| OF COUNSEL:<br><br>ALEXANDER FRIED<br>Attorney<br>Office of the Chief Counsel for Trade<br>Enforcement and Compliance<br>United States Department of Commerce | /s/ Sarah E. Kramer<br>SARAH E. KRAMER<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>United States Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 353-0537<br>Fax: (202) 305-2062<br>Email: sarah.e.kramer@usdoj.gov |
| April 28, 2023 | Attorneys for Defendant, United States |

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the Rules of this Court in that it contains 2,292 words, including text, footnotes, and headings.

/s/ Sarah E. Kramer