UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: The Honorable Stephen Alexander Vaden, Judge

|  |  |
|---|---|
| ELLWOOD CITY FORGE COMPANY, *et. al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) ) |
| Defendant, | ) ) |
| and | ) ) |
| BGH EDELSTAHL SIEGEN GMBH, | ) ) |
| Defendant-Intervenor. | ) ) ) |

Consol. Ct. No. 21-00077

**PUBLIC VERSION**

Confidential information deleted on page 2.

**REPLY BY BGH EDELSTAHL SIEGEN GMBH**
**TO COMMENTS ON REMAND REDETERMINATION**

Marc. E. Montalbine
Gregory S. Menegaz
Alexandra H. Salzman
Merisa A. Horgan
**deKieffer & Horgan**
1156 Fifteenth Street, N.W.
Suite 1101
Washington, D.C. 20005
(202) 783-6900
email: montalbine@dhlaw.de
*Counsel to BGH Edelstahl Siegen GmbH*

Date: May 15, 2023

**TABLE OF CONTENTS**

I. ARGUMENT ..................................................................................................................... 1

    A. Plaintiffs Failed to Exhaust Their Administrative Remedies with Respect to the Margin Program and the Court Should Not Again Remand This Issue ............................................................................................. 1

    B. Commerce Properly Rejected Plaintiffs' Arguments Concerning Alternative Statutory Interpretations ........................................................................ 4

    C. Commerce Declined to Consider BGH's Arguments that the Cost-Based PMS Adjustment for Constructed Value Comparisons Was Not Supported by Substantial Evidence and Not in Accordance with Law ......................................... 5

II. CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

**Cases**

Carpenter Tech. Corp. v. United States,
  26 CIT 830 (CIT 2002) ............................................................................................... 3

Corus Staal BV v. United States,
  502 F.3d 1370 (Fed. Cir. 2007) .................................................................................. 3

Ellwood City Forge Co. v. United States,
  600 F. Supp. 3d 1281 (CIT 2022) ......................................................................... 1, 3

Hyundai Steel Co. v. United States
  483 F. Supp. 3d 1273 (CIT 2019) ............................................................................. 4

Mittal Steel Point Lisas Ltd. v. United States,
  548 F.3d 1375 (Fed. Cir. 2008) .................................................................................. 3

Prime Time Commerce, LLC v. United States,
  2022 U.S. App. LEXIS 17726 (Fed. Cir. 2022) ........................................................ 3

SKF USA Inc. v. United States,
  675 F. Supp. 2d 1264 (CIT 2009) ............................................................................... 3

Pursuant to the Court's opinion of November 8, 2022 (ECF 55), BGH Edelstahl Siegen GmbH ("BGH"), defendant-intervenor and plaintiff in the companion consolidated case <u>BGH Edelstahl Siegen GmbH v. United States</u>, Court No. 21-00079 (CIT), hereby submits these comments in support of the final results of redetermination filed by the U.S. Department of Commerce ("Commerce") in this case on March 14, 2023 (ECF 59) ("<u>Redetermination</u>").

I.   ARGUMENT

    A.   **Plaintiffs Failed to Exhaust Their Administrative Remedies with Respect to the Margin Program and the Court Should Not Again Remand This Issue**

The Court remanded this case back to Commerce with the explicit directions that Commerce "recalculate the dumping margin without impermissible cost-based particular market situation adjustments for BGH's electricity and ferrochrome inputs." <u>Ellwood City Forge Co. v. United States</u>, 600 F. Supp. 3d 1281, 1303 (CIT 2022).  On February 8, 2023, Commerce released to the parties its draft remand redetermination and provided all parties until February 15, 2023 to comment on the draft remand results.  *See* <u>Commerce Memorandum on Due Date for Comments</u>, 1 (Feb. 8, 2023) (Appx012065).  With its draft remand results, Commerce disclosed its calculation memorandum, including an over 200-page printout of its SAS program, as well as the SAS files of its home market and margin programs.  <u>Draft Remand Results Calculation Memorandum</u>, (Jan. 31, 2023) (Appx012060-012064; Appx098985-099219).

In its draft results of redetermination, Commerce made an obvious error in its calculations that increased BGH's weighted-average dumping margin from 4.79% to 5.43%.  *See* <u>BGH Comments on Draft Remand Redetermination</u>, 2-5 (Appx012084-012087; Appx099221-099224).  The proper removal of the impermissible cost-based PMS adjustments would necessarily have reduced BGH's weighted-average dumping margin.

1

PUBLIC VERSION

Despite this obvious error in Commerce's calculations, Plaintiffs chose not to make any comments on Commerce's calculations. Rather, Plaintiffs limited their comments to strained legal arguments imagining "alternative statutory pathways for adjusting price-to-price antidumping comparisons to account for a PMS" and a rehashing of their unfounded claims concerning on-site verification. <u>Plaintiffs' Comments on Draft Remand Results</u>, 3-5 & 11-15 (Feb. 15, 2023) (Appx012068-012070 & Appx012076-012080).

Plaintiffs apparently try to obfuscate the fact that their current claim of error could have easily been raised during the administrative remand proceeding by engaging in a lengthy, general discussion of the difference in merchandise test (referred to as the "COSTDIFF test"). However, a discerning reading of their comments in opposition to the final results shows that Plaintiffs' claim of an error in Commerce's calculation program is based entirely on lines [      ] of that program. <u>Plaintiffs' Comments in Opposition to Final Remand Results</u>, 4, n.3 (Apr. 13, 2023) (ECF 62).

There can be no dispute that lines [      ] of the final calculation program are exactly the same as lines [      ] of the draft calculation program. Lines [      ] of the draft remand margin program are as follows:

[                                                                                      ]
[                                                                                      ]

Lines [      ] of the final remand program are as follows:

[                                                                                      ]
[                                                                                      ]

Plaintiffs could have therefore easily raised any comments concerning these lines of programing in their comments to Commerce's draft remand results and there is no reason to immediately have another remand just to give Plaintiffs a second opportunity to raise comments that should

have been raised before.  The whole point of the Court's remand was for Commerce to "recalculate the dumping margin."  Ellwood City Forge, 600 F. Supp. 3d at 1303.  Yet, Plaintiffs chose not to comment on Commerce's recalculation during the remand proceeding.

As the U.S. Court of Appeals for the Federal Circuit has stressed, this Court "typically takes a 'strict view' of the exhaustion requirement in trade cases," and the "exhaustion requirement applies equally in remand proceedings."  Prime Time Commerce, LLC v. United States, 2022 U.S. App. LEXIS 17726, at *10-11 (Fed. Cir. 2022) (citing Corus Staal BV v. United States, 502 F.3d 1370, 1379 (Fed. Cir. 2007); Mittal Steel Point Lisas Ltd. v. United States, 548 F.3d 1375, 1383-84 (Fed. Cir. 2008)).  This is not a situation where Plaintiffs had no opportunity to raise the issue before the agency.  To the contrary, Plaintiffs could and should have raised these comments on Commerce's margin program in the remand proceeding.

As Defendant admits in its response to Plaintiffs' comments on the remand determination, this Court has discretion over whether to grant a request for remand and such request must be based upon a compelling justification supported by substantial and legitimate concerns.  Defendant's Response to Plaintiffs' Comments on Final Remand Results, 4 (Apr. 28, 2023) (ECF 65).  The only reason given by the Defendant for its remand request is that "Commerce would like an opportunity to address" Plaintiffs' claims.  Id.  However, Defendant provides no reason as to why the Plaintiffs' claims should not have been raised in response to the draft remand results and the extensive disclosure supplied by Commerce; nor does Defendant reference any applicable exemption to application of the rule of exhaustion.[1]

---

[1] Of course, Commerce must apply its rules in a fair and impartial manner that does not favor one class of interested parties over another.  See SKF USA Inc. v. United States, 675 F. Supp. 2d 1264, 1276 (CIT 2009); Carpenter Tech. Corp. v. United States, 26 CIT 830, 837-38 (CIT 2002).

The Court should therefore deny Defendant's request for a voluntary remand and sustain Commerce's final results of redetermination.

### B. Commerce Properly Rejected Plaintiffs' Arguments Concerning Alternative Statutory Interpretations

Commerce properly declined to consider Plaintiffs' arguments concerning newfound "alternative possible avenues" to support making a cost-based PMS adjustment. Commerce correctly noted that the Court remanded this case "on narrow grounds" and that this remand redetermination was "not the appropriate proceeding in which Commerce should address, for the first time, alternative possible interpretations of the CAFC's analysis in *Hyundai Steel*." Redetermination, 6 (Appx012110). In its response to Plaintiffs' comments on the remand determination, Defendant correctly points out that Plaintiffs failed to raise any of their "alternative statutory routes" during the original investigation. Defendant's Response to Plaintiffs' Comments on Final Remand Results, 6 (ECF 65). The Defendant states that:

> At no point leading up to Commerce's determination were these "alternatives" raised and thus, at no point did Commerce discuss them. In other words, Commerce is unable to "reconsider" plaintiffs "alternative statutory routes" because the alternatives were not raised to Commerce in the first instance.

Id. at 5-6.

Essentially, Defendant is making an argument that Plaintiffs failed to exhaust their administrative remedies with respect to this issue. It is peculiar that Defendant tries to couch the argument in terms of the prohibition against *post hoc* rationalizations. See id. at 6. Perhaps, Defendant is trying not to draw attention to the fact that a similar claim of failure to exhaust should also be applied against the Plaintiffs with respect to the issue of Commerce's margin calculation discussed above.

4

In any event, the Court should sustain Commerce's decision not to consider Plaintiffs' arguments concerning newfound "alternative possible avenues" to support making a cost-based PMS adjustment in its final results of redetermination.

> **C.      Commerce Declined to Consider BGH's Arguments that the Cost-Based PMS Adjustment for Constructed Value Comparisons Was Not Supported by Substantial Evidence and Not in Accordance with Law**

As detailed in its Rule 56.2 Memorandum in Support of Motion for Judgment Upon the Agency Record, BGH has demonstrated that Commerce's cost-based PMS adjustments fail to meet the necessary requirements of the antidumping statute and are not supported by substantial evidence on the administrative record. *See, e.g.,* BGH Rule 56.2 Memorandum in Support of Motion for Judgment Upon the Agency Record, 7-19 (Aug. 9, 2021) (ECF No. 23-2) ("BGH Rule 56.2 Memorandum"). BGH reiterated these arguments in its comments on Commerce's draft results of redetermination. BGH Comments on Draft Remand Redetermination, 5-21 (Appx012087-012103; Appx099224-099240). BGH has therefore properly raised and preserved these issues both before Commerce and before this Court.

In its final results of redetermination, Commerce declined to consider BGH's arguments concerning the lack of legal or factual support for the cost-based PMS adjustments, stating that the remand redetermination was "being conducted on narrow grounds to remove the PMS adjustments when applying the sales-below-cost test." Redetermination, 11 (Appx012115). Because BGH's corrected remand weighted-average dumping margin in the final results of redetermination is now 0.00%, the additional issues concerning the lack of legal or factual support for the cost-based PMS adjustments are now rendered moot. However, in the event any future adjustments are made to BGH's remand weighted-average dumping margin that raise it above the *de minimis* threshold, Commerce and this Court should consider the arguments made

5

by BGH in its Rule 56.2 Memorandum and its comments on the draft remand determination, and BGH incorporates these arguments herein by reference.  <u>BGH Rule 56.2 Memorandum</u>, 7-19 (ECF No. 23-2); <u>BGH Comments on Draft Remand Redetermination</u>, 5-21 (Appx012087-012103; Appx099224-099240).

## II.   CONCLUSION

For the reasons stated above, the Court should sustain Commerce's final results of redetermination.

Respectfully submitted,

/s/ *Marc E. Montalbine*
Marc E. Montalbine*
Gregory S. Menegaz
Alexandra H. Salzman
Merisa A. Horgan
**DEKIEFFER & HORGAN, PLLC**
1156 Fifteenth Street, N.W.
Suite 1101
Washington, DC 20005
Tel: (202) 783-6900
Fax:  (202) 783-6909
email:  montalbine@dhlaw.de

Date: May 15, 2023

*Counsel to BGH Edelstahl Siegen GmbH Defendant-Intervenor/Plaintiff*

_____

* Admitted to Virginia Bar; practice limited to Federal International Trade Matters pursuant to D.C. Bar Rule 49(c)(2).

**Word Count Certificate of Compliance**

This brief has been prepared utilizing Microsoft Word for Microsoft 365 using a proportionally spaced typeface (12 point Times New Roman font).

In accordance with the Chambers Procedures of this Court, the undersigned certifies that these comments comply with the word limitations set forth in section 2(B)(1)(b) of the Chambers Procedures. Specifically, excluding those exempted portions of the brief, as set forth in section 2(B)(1)(c) of the Chambers Procedures, I hereby certify that these comments contain **1,461** words. In accordance with the Chambers Procedures, this certified word count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this brief.

    /s/ *Marc E. Montalbine*
Marc E. Montalbine
**DEKIEFFER & HORGAN, PLLC**
1156 Fifteenth Street, N.W.
Suite 1101
Washington, DC 20005
Tel: (202) 783-6900
Fax: (202) 783-6909
email: montalbine@dhlaw.de
*Counsel to BGH Edelstahl Siegen GmbH*