UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: The Honorable Stephen Alexander Vaden, Judge

| | |
|---|---|
| ELLWOOD CITY FORGE COMPANY, *et. al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )   Consol. Ct. No. 21-00077 |
| UNITED STATES, | ) ) ) |
| Defendant, | ) ) ) |
| and | ) ) ) |
| BGH EDELSTAHL SIEGEN GMBH, | ) ) ) |
| Defendant-Intervenor. | ) ) |

DEFENDANT-INTERVENOR'S
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO REPLY
TO DEFENDANT'S COMMENTS ON THE REMAND REDETERMINATION

Pursuant to Rule 7(d) of the Rules of this Court, BGH Edelstahl Siegen GmbH ("BGH"), defendant-intervenor and plaintiff in the companion case BGH Edelstahl Siegen GmbH v. United States, Court No. 21-00079 (CIT), respectfully submits this response in opposition to Plaintiffs' motion for leave to reply to Defendant's comments on the remand redetermination (ECF No. 68) (hereinafter "Pl. Motion for Leave"). Plaintiffs' motion is based upon a faulty recitation of the facts and applicable law and should be denied by the Court.

I. **The Court Remand Schedule Did Not Provide Plaintiffs With Two Opportunities to File Comments on the Remand Redetermination**

As an initial matter, Plaintiffs claim that, because they are defendant-intervenors in the companion case BGH Edelstahl Siegen GmbH v. United States, Court No. 21-00079 (CIT), they

should be permitted to file both comments as plaintiffs and a reply as defendant-intervenors. *See* Pl. Motion for Leave, 2. At the beginning of the Court's November 8, 2022 opinion, the Court clearly identified the parties. The parties represented by the law firm Cassidy Levy Kent LLP were identified as "Plaintiffs." *See* Ellwood City Forge Co. v. United States, Consol. Court No. 21-00077, slip op. 22-122 at 1 (CIT 2022). The parties represented by the law firm deKieffer & Horgan, PLLC were identified as "Defendant-Intervenor." Id. At the end of the opinion, the Court established the schedule for commenting on the remand redetermination as follows:

> **ORDERED** that Plaintiffs shall have 30 days from the filing of the Remand Redetermination to submit comments to the Court; and
>
> **ORDERED** that Defendant shall have 15 days from the date of Plaintiffs' filing of comments to submit a reply; and it is further
>
> **ORDERED** that Defendant-Intervenor shall have 15 days from the date of Defendant's filing of comments to submit a reply.

Id. at 48.

Based on the Court's earlier identification of the parties, "Plaintiffs" could only have meant the parties represented by the law firm Cassidy Levy Kent LLP and "Defendant-Intervenor" (in the singular) could only have meant the parties represented by the law firm deKieffer & Horgan, PLLC. There is no possible way to interpret the Court's language as permitting the Plaintiffs to file both comments and a reply.

## II. Plaintiffs Failed to Raise Any Alternative Statutory Provisions for PMS Adjustments During the Original Investigation

It is clear that statutory challenges were raised by respondents against Commerce's PMS adjustment in the original investigation. In the Issues and Decision Memorandum to its final determination, Commerce addressed these statutory challenges and acknowledged that there was already a significant line of cases from this Court that the antidumping statute did not authorize a

PMS adjustment to the cost of production when applying the sales-below-cost test.[1]  Issues & Decision Memorandum for Final Determination, 15-16 (Dec. 7, 2020) (hereinafter, "IDM") (Appx002292-002293).

Plaintiffs therefore had every opportunity to address the respondents' statutory challenges to Commerce's PMS adjustment during the original investigation.  However, despite the extensive and clear precedent of this Court, Plaintiffs chose only to argue that "the issue of whether Commerce can apply a PMS adjustment to cost in making sales below cost calculations remains live, and is currently pending before the U.S. Court of Appeals for the Federal Circuit." Petitioners Inv. Rebuttal Br., 33 (Nov. 18, 2020) (footnotes omitted) (P.R. 329).  Plaintiffs went on to state that "Commerce has recognized in applying PMS adjustments to sales below cost calculations in recent cases, the CIT's apparently restrictive interpretation does not govern this proceeding."  Id. at 33-34 (footnotes omitted).

Thus, despite the clear and extensive precedent of this Court striking down Commerce's cost-based PMS adjustments, Plaintiffs chose not to raise any alternative bases for the adjustment and relied solely upon this Court being overturned by the Federal Circuit, which did not happen.[2] Here it is important to understand that the alternative theories for the PMS adjustment that Plaintiffs now attempt to espouse are not based upon any intervening legal precedent.  Rather,

---

[1] These cases included Hyundai Steel Co., 483 F. Supp. 3d at 1279 (citing Saha Thai Steel Pipe Pub. Co. v. United States, 422 F. Supp. 3d 1363, 1368-70 (2019); Husteel Co. v. United States, 426 F. Supp. 3d 1376, 1383-89 (2020); Borusan Mannesmann Boru Sanayi Ve Ticaret A.S .v. United States, 426 F. Supp. 3d 1395, 1411-12 (2020); Dong-A Steel Co. v. United States, 475 F. Supp. 3d 1317, 1337-41 (2020); Husteel Co. v. United States, 476 F. Supp. 3d 1363, 1370-73 (2020); Saha Thai Steel Pipe Pub. Co. v. United States, 476 F. Supp. 3d 1378, 1382-86 (2020)).

[2] In its November 8, 2022 opinion, this Court characterized the extensive prior precedent as follows: "This Court has stridently disagreed with Commerce's non-textual approach to statutory interpretation."  Ellwood City Forge Co. v. United States, 600 F. Supp. 3d 1281, 1302 (CIT 2022) (citations omitted).

3

they are based upon statutory provisions, such as 19 U.S.C. § 1677b(f)(1)(A) and 19 U.S.C. § 1677b(a)(1)(C)(iii), that have long been part of the antidumping statute.  *See* Pl. Comments on Remand Redetermination, 12-17 (Apr. 13, 2023) (ECF No. 62 & 63).  Therefore, Plaintiffs could have raised these arguments during the original investigation.

There is nothing in the Federal Circuit's *Hyundai* decision that provides any new legal precedent for Plaintiffs' alternative legal theories.  *Hyundai* did nothing more than affirm this Court's prior precedent on the issue.  *See* Hyundai Steel Co. v. United States, 19 F.4th 1346, 1352 (Fed. Cir. 2021).  In fact, in *Hyundai*, the Federal Circuit specifically refused to address arguments concerning alternative statutory provisions, such as 19 U.S.C. § 1677b(f)(1)(A), because they had not been raised or considered during the original investigation.  *See* Hyundai Steel, 19 F.4th at 1356.  This is precisely the situation in which Plaintiffs find themselves in this case.  They failed to raise any alternative statutory provisions during the original investigation and they are now precluded from doing so in this case.

### III. Defendant's Comments on the Remand Redetermination Do Not Present an "Entirely New" Argument Not Raised in the Remand Redetermination

In its remand redetermination, Commerce clearly stated that the remand redetermination was not the appropriate proceeding in which Commerce should address Plaintiffs' alternative legal theories "for the first time."  Redetermination, 6 (ECF 59).  From Commerce's explanation, it can be concluded that Plaintiffs failed to previously raise these arguments during the original investigation.  Therefore, the arguments made in Defendant's comments on the remand redetermination do not present an "entirely new" argument as claimed by Plaintiffs.  *See* Pl. Motion for Leave, 3-4.  Rather, Defendant merely expounds upon how Plaintiffs failed to raise these arguments during the original investigation.  Def. Response to Comments on Remand

Redetermination, 7 (Apr. 28, 2023) (ECF No. 65) (stating that Plaintiffs "only *originally* asked Commerce to consider the exact statutory interpretation that was held unlawful in *Hyundai Steel*").

Accordingly, Plaintiffs could have addressed the issue of whether there was a justification to raise the alternative theories "for the first time" during the remand proceeding in their April 13, 2023 comments in opposition to the final results of redetermination. *See* Pl. Comments on Remand Redetermination, (Apr. 13, 2023) (ECF No. 62 & 63). Having failed to do so, Plaintiffs should not now be given another opportunity to file comments on the issue.

IV. **Neither Due Process nor Judicial Economy Favor Accepting Additional Comments from the Plaintiffs at This Stage of the Litigation**

Plaintiffs had full opportunity to raise their alternative legal theories during the original investigation. Having failed to do so, neither due process nor judicial economy would favor accepting additional comments from the Plaintiffs at this stage of the litigation. Plaintiffs' resort to Rule 1 of the Rules of this Court is inapposite. Having just had a remand on the PMS issue, there is nothing that would serve a just, speedy and inexpensive determination in this action by providing Plaintiffs with another opportunity to file comments on the issue.

For the reasons stated above, we respectfully request that the Court deny Plaintiffs' motion for leave to reply to Defendant's comments on the remand redetermination.

                                          Respectfully submitted,

                                          /s/ Marc E. Montalbine
                                          Marc E. Montalbine*
                                          J. Kevin Horgan
                                          Gregory S. Menegaz
                                          Alexandra H. Salzman
                                          Merisa A. Horgan
                                          **DEKIEFFER & HORGAN, PLLC**
                                            1156 Fifteenth Street, N.W.

                                                                                 Suite 1101  
                                                                                 Washington, DC 20005  
                                                                                 Tel: (202) 783-6900  
                                                                                 Fax: (202) 783-6909  
                                                                                 email:  montalbine@dhlaw.de  
                                                                                 *Counsel to BGH Edelstahl Siegen GmbH*

Date: June 5, 2023

---

\* Admitted to Virginia Bar; practice limited to Federal International Trade Matters pursuant to D.C. Bar Rule 49(c)(2).