# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| ELLWOOD CITY FORGE COMPANY, ELLWOOD QUALITY STEELS COMPANY, ELLWOOD NATIONAL STEEL COMPANY, and A. FINKL & SONS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> BGH EDELSTAHL SIEGEN GMBH, <br><br> Defendant-Intervenor. | Consol. Court No. 21-00077 |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO REPLY

OF COUNSEL:

ALEXANDER FRIED
Attorney
Office of the Chief Counsel for Trade
Enforcement and Compliance
United States Department of Commerce

.

June 5, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

SARAH E. KRAMER
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 353-0537
Fax: (202) 305-2062
Email: sarah.e.kramer@usdoj.gov

Attorneys for Defendant

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO REPLY ......... 1

CONCLUSION ............................................................................................................. 3

# TABLE OF AUTHORITIES

## CASES

*Adee Honey Farms v. United States*,
 No. 16-00127, 2020 WL 7497866 (Ct. Int'l Trade Dec. 21, 2020) ............................................. 3

*Husteel Co. v. United States*,
 426 F. Supp. 3d 1376 (Ct. Int'l Trade 2020) ................................................................................ 2

*Hyundai Elec. & Energy Sys. Co. v. United States*,
 477 F. Supp. 3d 1324 (Ct. Int'l Trade 2020) ................................................................................ 3

*Thai Plastic Bags Indus. Co. v. United States*,
 746 F.3d 1358 (Fed. Cir. 2014) ................................................................................................... 3

## STATUTES

19 U.S.C. § 1677b(e) .......................................................................................................................... 3

19 U.S.C. § 1677b(f)(1)(A) ................................................................................................................ 2

# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

|  |  |
|---|---|
| ELLWOOD CITY FORGE COMPANY, <br> ELLWOOD QUALITY STEELS COMPANY, <br> ELLWOOD NATIONAL STEEL COMPANY, <br> and A. FINKL & SONS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> BGH EDELSTAHL SIEGEN GMBH, <br><br> Defendant-Intervenor. | Consol. Court No. 21-00077 |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO REPLY

Defendant, the United States, respectfully files this opposition to plaintiffs' motion for leave to file a reply. Plaintiffs' motion primarily rests on two faulty premises: (1) that the Government's Response to Plaintiffs' Comments on the Remand Redetermination (Def. Cmts., ECF No. 65) includes a new argument; and (2) that the Government's response contains factual inaccuracies. For the following reasons, the Court should deny plaintiffs' motion for leave to file the reply.

Regarding plaintiffs' first point, plaintiffs argue that, because our brief cites specific portions of *Hyundai Steel* while Commerce's Remand Redetermination, Appx012105-012116, discussed *Hyundai Steel* more generally, that we introduced a new argument in our brief. *See*

Pls. Mot. for Leave to Reply to Def. Cmts. on the Remand Redetermination (Pls. Mot. for Leave) at 3-4, May 15, 2023, ECF No. 68.  As plaintiffs admit, however, Commerce did cite and discuss *Hyundai Steel* in its Remand Redetermination and provided its rationale that *Hyundai Steel* and this Court's remand order prevented it from considering plaintiffs' alternative statutory pathways argument.  *See* Pls. Mot. for Leave at 3.  Commerce stated that

> The Court granted a remand, which Commerce did not oppose, specifically to "recalculate the dumping margin without impermissible cost-based particular market situation adjustments for BGH's electricity and ferrochrome inputs."  Importantly, the Court remanded this case "on narrow grounds" so that Commerce may reconsider its finding of a PMS. While the Coalition contends that Commerce may rely on other avenues to support making a cost-based PMS adjustment in accordance with the CAFC's decision in *Hyundai Steel*, in line with Commerce's remand request and the Court's *Remand Order*, we determine that this remand redetermination is not the appropriate proceeding in which Commerce should address, for the first time, alternative possible interpretations of the CAFC's analysis in *Hyundai Steel*. Accordingly, we have declined to consider the Coalition's arguments in the context of these final results of redetermination.

Remand Redetermination at Appx 012110.  Likewise, in our brief, we argue that "although plaintiffs may be correct that Commerce 'may conclude' that the preconditions set forth in 19 U.S.C. § 1677b(f)(1)(A) are not met, the agency is barred from doing so for the first time during this remand."  Def. Cmts. at 7-8.  That we rely upon specific portions of *Hyundai Steel* in our brief, rather than the entirety of it, does not change the fact that the argument underlying both Commerce's Remand Redetermination and our brief is fundamentally the same.  Nor does citing additional authorities in support of our position indicate that we made a new argument; indeed, plaintiffs did exactly that in their comments on the remand redetermination.  *Compare* Pls. Cmts. in Opp'n to the Final Results of Redetermination Pursuant to Court Remand (Pls. Cmts) at 14 n.8, Apr. 13, 2023, ECF No. 62 (citing *Husteel Co. v. United States*, 426 F. Supp. 3d 1376, 1383

(Ct. Int'l Trade 2020), and *Thai Plastic Bags Indus. Co. v. United States*, 746 F.3d 1358, 1362, 1365 (Fed. Cir. 2014)) *with* Letter from Cassidy Levy Kent (USA) LLP to Sec. of Commerce Pertaining to Petitioners' Cmts. on Draft Remand, Appx012066-012082 (citing neither of those cases).

Second, plaintiffs claim that there is a factual inaccuracy in our brief because plaintiffs could not have proposed alternatives to *Hyundai Steel* prior to *Hyundai Steel*. Pls. Mot. for Leave at 4-6. However, it is true that nothing kept plaintiffs from proposing their alternative statutory pathways *in addition* to 19 U.S.C. § 1677b(e) prior to *Hyundai Steel*. Plaintiffs opted to rely solely on 19 U.S.C. § 1677b(e) before Commerce, so Commerce did not originally have a chance to consider the other statutory pathways plaintiffs now present.

Finally, because there are no factual inaccuracies in our brief, plaintiffs' citations to cases involving factual misstatements are inapposite. *See* Pls. Mot. for Leave at 5 (citing *Adee Honey Farms v. United States*, No. 16-00127, 2020 WL 7497866, at *4 (Ct. Int'l Trade Dec. 21, 2020), and *Hyundai Elec. & Energy Sys. Co. v. United States*, 477 F. Supp. 3d 1324, 1328 (Ct. Int'l Trade 2020)). Moreover, because there are no new arguments to address or factual misstatements to correct, the Court is unlikely to benefit from plaintiffs' proposed reply brief.

## CONCLUSION

For these reasons, we respectfully request that the Court deny plaintiffs' motion for leave to file a reply.

|  | Respectfully submitted, |
|---|---|
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | <u>/s/ Franklin E. White, Jr.</u><br>FRANKLIN E. WHITE, JR.<br>Assistant Director |
| OF COUNSEL:<br><br>ALEXANDER FRIED<br>Attorney<br>Office of the Chief Counsel for Trade Enforcement and Compliance<br>United States Department of Commerce | <u>/s/ Sarah E. Kramer</u><br>SARAH E. KRAMER<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>United States Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 353-0537<br>Fax: (202) 305-2062<br>Email: sarah.e.kramer@usdoj.gov |
| June 5, 2023 | Attorneys for Defendant, United States |

# **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the Rules of this Court in that it contains 720 words, including text, footnotes, and headings.

/s/ Sarah E. Kramer