# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| ELLWOOD CITY FORGE COMPANY, ELLWOOD NATIONAL STEEL COMPANY, ELLWOOD QUALITY STEELS COMPANY, and A. FINKL & SONS, | )<br>)<br>)<br>)<br>) |
| Plaintiffs and Consolidated Defendant-Intervenors, | )<br>)<br>) |
| v. | ) |
| UNITED STATES, | ) Consol. Ct. No. 21-00077<br>) |
| Defendant, | )<br>) |
| and | )<br>) |
| BGH EDELSTAHL SIEGEN GMBH, | )<br>) |
| Defendant-Intervenor and Consolidated Plaintiff. | )<br>)<br>) |

## PLAINTIFFS' REPLY TO DEFENDANT'S COMMENTS ON THE REMAND REDETERMINATION

Myles S. Getlan
Jack A. Levy
Thomas M. Beline
James E. Ransdell
Nicole Brunda
**CASSIDY LEVY KENT (USA) LLP**
900 19th Street NW
Suite 400
Washington, DC 20006
(202) 567-2300

*Counsel to Ellwood City Forge Co., Ellwood National Steel Co., Ellwood Quality Steels Co., and A. Finkl & Sons*

May 15, 2023

**Table of Contents**

Page

I. Plaintiffs Raised Alternative Statutory Pathways Preserved by *Hyundai Steel* at the First Available Opportunity; Defendant Previously Acknowledged that Commerce "Had No Opportunity to Consider" These Issues Administratively ............................... 2

II. Contrary to Defendant's *Post Hoc* Rationale, No "Principle of Administrative Law" Countenances Defendant's Consideration of Only *Hyundai Steel*'s Negative Implications .................................................................................................................. 5

    A. Defendant's Argument in Section III Is Absent from Commerce's Remand Redetermination and Constitutes Impermissible *Post Hoc* Rationalization .......................................................................................................... 6

    B. Defendant's Extremely Restrictive Interpretation of *Hyundai Steel* Runs Afoul of that Opinion, *Regents*, and Common Sense ...................................... 7

III. Conclusion ................................................................................................................. 10

## Table of Authorities

Page(s)

Court Decisions

*Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156 (1962) ..............................................7

*Changzhou Wujin Fine Chem. Factory Co. v. United States*, 701 F.3d
1367 (Fed. Cir. 2012) ...................................................................................................................8

*Coal. of Am. Flange Producers v. United States*, 448 F. Supp. 3d 1340
(Ct. Int'l Trade 2020) ...................................................................................................................5

*Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891
(2020) ................................................................................................................................ *passim*

*Ellwood City Forge Co. v. United States*, Slip Op. 21-122, 600 F. Supp.
3d 1281 (Ct. Int'l Trade 2022) ..............................................................................................1, 3

*Fengchi Imp. & Exp. Co., Ltd. of Haicheng City v. United States*, 98 F.
Supp. 3d 1309 (Ct. Int'l Trade 2015) ..........................................................................................9

*Hyundai Heavy Indus. Co., Ltd. v. United States*, 393 F. Supp. 3d 1293
(Ct. Int'l Trade 2019) ...................................................................................................................5

*Hyundai Steel Co. v. United States*, 19 F.4th 1346 (Fed. Cir. 2022) ..................................... *passim*

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29
(1983) ...........................................................................................................................................7

*Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194 (1947) .................................................. 8-9

*Thai I-Mei Frozen Foods Co. v. United States*, 616 F.3d 1300 (Fed. Cir.
2010) ............................................................................................................................................8

*Venus Wire Indus. Pvt. Ltd. v. United States*, 471 F. Supp. 3d 1289 (Ct.
Int'l Trade 2020) ..........................................................................................................................9

*Vinh Hoan Corp. v. United States*, 49 F. Supp. 3d 1285 (Ct. Int'l Trade
2015) ............................................................................................................................................5

# UNITED STATES COURT OF INTERNATIONAL TRADE
# BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| ELLWOOD CITY FORGE COMPANY, ELLWOOD NATIONAL STEEL COMPANY, ELLWOOD QUALITY STEELS COMPANY, and A. FINKL & SONS, <br><br>    Plaintiffs and Consolidated Defendant-Intervenors, <br><br>  v. <br><br>UNITED STATES, <br><br>    Defendant, <br>  and <br><br>BGH EDELSTAHL SIEGEN GMBH, <br><br>    Defendant-Intervenor and Consolidated Plaintiff. | Consol. Ct. No. 21-00077 |

## PLAINTIFFS' REPLY TO DEFENDANT'S COMMENTS ON THE REMAND REDETERMINATION

Ellwood City Forge Company, Ellwood Quality Steels Company, Ellwood National Steel Company, and A. Finkl & Sons (collectively, "Plaintiffs"), hereby submit comments in reply to Section III of Defendant's response to Plaintiffs' comments on the remand redetermination filed with this court by the U.S. Department of Commerce ("Commerce"). *See* "Defendant's Response to Plaintiffs' Comments on the Remand Redetermination and Request for Partial Voluntary Remand," ECF Doc. 65 (Apr. 28, 2023) at 5-8 ("Defendant's Remand Comments"). Plaintiffs' reply comments are timely submitted in accordance with the schedule set forth in the Court's opinion ordering remand. *See* USCIT Slip Op. 22-122 at 48 (ECF No. 55) ("Slip Op. 22-122") (deadline for "Defendant-Intervenor").

Section III of Defendant's Remand Comments addressed Commerce's refusal to consider alternative statutory methodologies by which Commerce might adjust BGH's reporting to account for its distorted costs. *See* Defendant's Remand Comments at 5-8. Plaintiffs submit this reply to correct Defendant's inaccurate characterization of this matter's

procedural posture, and to address Defendant's *post hoc* rationales.[1]  Specifically, Defendant's repeated assertions that Plaintiffs could have argued statutory alternatives to *Hyundai Steel* during the original administrative proceedings are false.  Plaintiffs fully argued such alternatives at the first available opportunity, and Commerce was equally positioned to address both the implications of *Hyundai Steel* and Plaintiffs' alternatives for the first time on remand, but simply refused to do so.  (**Section I**).  Given the foregoing, Defendant's new suggestion—found nowhere in Commerce's Remand Redetermination—that *Regents* and *Hyundai Steel* precluded Commerce from addressing new arguments on remand is actively contradicted by those decisions, which expressly permit the agency to address and adopt new rationales on remand, as it already did here. (**Section II**).

As such, Plaintiffs respectfully request that any remand order issued by this court instruct Defendant to fully consider Plaintiffs' alternative statutory pathways.[2]

I. **PLAINTIFFS RAISED ALTERNATIVE STATUTORY PATHWAYS PRESERVED BY *HYUNDAI STEEL* AT THE FIRST AVAILABLE OPPORTUNITY; DEFENDANT PREVIOUSLY ACKNOWLEDGED THAT COMMERCE "HAD NO OPPORTUNITY TO CONSIDER" THESE ISSUES ADMINISTRATIVELY**

Defendant's basic theory is that Commerce was correct to ignore Plaintiffs' arguments because Plaintiffs failed to present Commerce with the statutory alternatives at issue during the original administrative investigation.  *See* Defendant's Response Comments at 5-8.  The critical factual flaw in Defendant's rationale is that Defendant only agreed to reconsider the approach adopted during the original administrative investigation in response to *Hyundai Steel*, which Defendant expressly acknowledged was only "issued…after Commerce's final determination."  "Defendant's Response in Opposition to Plaintiffs'

---

[1] Plaintiffs support Defendant's request for a voluntary remand to reconsider its calculation methodology, as explained in the last paragraph of Section II of Defendant's brief.

[2] If, in the alternative, the court were to order a limited remand for Defendant to first address its calculation errors, and defer addressing Commerce's refusal to consider Plaintiffs' alternative statutory pathways until after receiving Commerce's second remand redetermination, Plaintiffs would not oppose such sequencing.

Motion for Judgment on the Agency Record," ECF Doc. 37 (Dec. 17, 2021) at 29 ("Defendant's 56.2 Response"); *see also* Slip. Op. 22-122 at 37, 49 (ordering remand "in compliance with *Hyundai Steel*" to "reconsider{} the particular market situation adjustment"). Thus, Plaintiffs had no opportunity to argue the implications of that decision administratively, and Commerce cannot refuse to consider arguments on remand that Plaintiffs had no cause to raise before this litigation.

Notably, Defendant correctly admits that Plaintiffs fully briefed the alternative statutory pathways for adjusting BGH's distorted costs prior to remand in Plaintiffs' Rule 56.2 response brief, *see* "Plaintiffs' Response Brief in Opposition to BGH Edelstahl Siegen GmBH's Rule 56.2 Motion for Judgment on the Agency Record," ECF Doc. 33 at 7, 24-28 (Conf. Ver.) ("Plaintiffs' 56.2 Response"), and again did so in Plaintiffs' comments on Commerce's draft remand results, *see* "FEB Fair Trade Coalition's Comments on Draft Remand Results" (Feb. 15, 2023) at 3-9 (Appx012062-012068) ("Plaintiffs' Draft Remand Comments"); Defendant's Remand Comments at 6 (acknowledging both of the foregoing). Yet, Defendant wrongly asserts that Plaintiffs had some earlier cause to raise these arguments during administrative proceedings. *See* Defendant's Remand Comments at 5-6 (asserting that "{a}t no point leading up to Commerce's determination were {Plaintiffs' statutory} 'alternatives' raised," that "{Plaintiffs' statutory} alternatives were not raised to Commerce in the first instance," and that "Plaintiffs first highlighted 'alternative statutory routes' to reaching a PMS determination after Commerce's original determination."). In fact, *Hyundai Steel* was only "issued…after Commerce's final determination," Defendant's 56.2 Response at 29, and Plaintiffs therefore took advantage of their very first opportunity to address statutory alternatives left open by *Hyundai Steel* in their Rule 56.2 Response.

Likewise, the first time any respondent raised *Hyundai Steel* for the Government's (or Plaintiffs') consideration was in BGH's Rule 56.2 Opening Brief before this court.

*Compare, e.g.*, Letter from BGH, "Case Brief" (Nov. 9, 2020) at Appx086392-086413 (raising various factual arguments, but raising no challenge whatsoever to the lawfulness of Commerce's PMS adjustment), *with* "BGH Rule 56.2 Memorandum in Support of Motion for Judgment Upon the Agency Record," ECF Doc. 23-2 (Aug. 9, 2021) at 5-7. Thus, whereas Defendant previously acknowledged "the agency had no opportunity to consider {*Hyundai Steel*}" administratively, Defendant's 56.2 Response at 29, the government was therefore equally positioned to consider—for the first time during remand —both the positive and negative implications of *Hyundai Steel*, *viz.*, which PMS adjustments were precluded (BGH's argument), and what alternative statutory pathways remained available (Plaintiffs' argument). This reality contradicts Defendant's one-sided presentation of the facts, and underscores the arbitrariness of Commerce's readiness to scale back the PMS adjustment on remand in response to *Hyundai Steel*, *see* Remand Redetermination at 4, while refusing to even address alternatives left open by that same court decision, *see id.* at 6.

Perhaps cognizant of the foregoing problem, Defendant also briefly asserts that addressing Plaintiffs' alternative statutory pathways "demand{s} new factual analysis." *Id.* at 7. Insofar as Defendant sought to imply that one or both of Plaintiffs' alternative statutory approaches requires Commerce to reopen the administrative record, such assertion is false. Plaintiffs never predicated their arguments on any request to reopen the record, but rather framed these arguments in terms of the administrative record as it presently exists. *See* "Plaintiffs' Comments in Opposition to the Final Results of Redetermination Pursuant to Court Remand," ECF Doc. 62 (Apr. 13, 2023) at 7-17; Plaintiffs' Draft Remand Comments at 3-9 (Appx012062-012068).

To the extent Defendant was simply observing that addressing Plaintiffs' arguments would require Commerce to reassess the existing administrative record, this appeal to administrative indolence provides no lawful basis for Commerce's refusal. As previously

detailed, this Court's remand with respect to Commerce's PMS adjustments was open-ended with respect to how else Commerce might account for BGH's distorted costs, and neither purported to nor could have precluded Commerce's consideration of alternatives devised in response to *Hyundai Steel*. *See* Plaintiffs' Remand Comments at 7-10. Moreover, reconsideration of the record is a basic feature of administrative remand proceedings and is necessary in every instance where Commerce failed to consider an issue in the first instance. *See, e.g.*, *Coal. of Am. Flange Producers v. United States*, 448 F. Supp. 3d 1340, 1352-1353, 1355 (Ct. Int'l Trade 2020) ("Commerce did not address information raised that may cast doubt on the reasonableness of a position taken by the agency. Therefore, the agency's explanation does not illustrate whether Commerce accounted for and rejected the questions raised by the logo provision or entirely failed to consider an important aspect of the problem.") (internal citations omitted); *Hyundai Heavy Indus. Co., Ltd. v. United States*, 393 F. Supp. 3d 1293, 1319 n.31 (Ct. Int'l Trade 2019) ("Although HHI presented several arguments with respect to Commerce's preliminary affiliation finding, Commerce did not analyze those arguments….Commerce must address those arguments upon reconsideration on remand.") (internal citations omitted); *Vinh Hoan Corp. v. United States*, 49 F. Supp. 3d 1285, 1315 (Ct. Int'l Trade 2015) (ordering remand where Commerce's "explanation is unresponsive to the argument that Plaintiffs are making" leaving it "not clear to the court how Commerce has addressed {Plaintiff's} argument" and requiring that Commerce "should address this argument on remand").

**II.    CONTRARY TO DEFENDANT'S *POST HOC* RATIONALE, NO "PRINCIPLE OF ADMINISTRATIVE LAW" COUNTENANCES DEFENDANT'S CONSIDERATION OF ONLY *HYUNDAI STEEL*'S NEGATIVE IMPLICATIONS**

Given that "the agency had no opportunity" to consider the implications of *Hyundai Steel* because that opinion did not exist at the time of Commerce's original administrative determination, Defendant's 56.2 Response at 29, Defendant cannot lawfully refuse to

consider Plaintiffs' rejoinder to *Hyundai Steel* "because {Plaintiffs'} alternative {statutory arguments} were not raised to Commerce in the first instance," Defendant's Comments at 6. Contrary to Defendant's *post hoc* assertions, there is no "principle of administrative law" so Kafkaesque as to empower Defendant's consideration of *Hyundai Steel*'s negative implications, while precluding Plaintiffs' response. *See id.* at 5.

    **A.    Defendant's Argument in Section III Is Absent from Commerce's Remand Redetermination and Constitutes Impermissible *Post Hoc* Rationalization**

The rationale asserted in Section III of Defendant's Remand Comments is found nowhere in Commerce's remand redetermination. Commerce's Remand Redetermination explained its refusal to consider Plaintiffs' alternative statutory arguments as follows:

> While the Coalition contends that Commerce may rely on other avenues to support making a cost-based PMS adjustment in accordance with the CAFC's decision in *Hyundai Steel*, in line with Commerce's remand request and the Court's Remand Order, we determine that this remand redetermination is not the appropriate proceeding in which Commerce should address, for the first time, alternative possible interpretations of the CAFC's analysis in *Hyundai Steel*.

Remand Redetermination at 6. Commerce did not cite any particular passage of *Hyundai Steel* or provide any further explanation of its rationale beyond this conclusory assertion. *See id.* Plaintiffs' comments to the court in opposition to Commerce's remand results therefore responded to Commerce's open-ended assertion that Commerce's remand request and *Hyundai Steel* rendered it "not appropriate" for Commerce to address Plaintiffs' alternative adjustments. *See* "Plaintiffs' Comments in Opposition to the Final Results of Redetermination Pursuant to Court Remand," ECF Doc. 62 (Apr. 13, 2023) at 7-17 (Conf. Ver.) ("Plaintiffs' Remand Comments").

But the Government's response has espoused an entirely new theory, *i.e.*, that *Hyundai Steel* elucidated a "principle of administrative law" wherein "Commerce's failure to base its ruling in whole or in part on {a given alternative}" rendered the alternative "not

available as {a} ground for upholding Commerce's final determination." Defendant's Remand Comments at 5. The Government continues by citing additional authorities found nowhere in Commerce's explanation and asserting for the first time that Commerce cannot consider Plaintiffs' alternative statutory bases "because the alternatives were not raised to Commerce in the first instance" and "demand new factual analysis." *Compare* Remand Redetermination at 6, *with* Defendant's Remand Comments at 6-7 (citing, *e.g.*, *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1907-08 (2020)).

Defendant's Remand Comments mark the first time in any of the Government's papers throughout this litigation and associated remand proceedings that it has advanced these positions or authorities. It is well-established, however, that "Courts may not accept appellate counsel's post hoc rationalizations for agency action." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983); *see also Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962) ("Commission counsel now attempt to justify the Commission's 'choice' of remedy on the ground that a cease-and-desist order would have been ineffective. The short answer to this attempted justification is that the Commission did not so find."). As such, Defendant's response is defective, necessitating further remand. Nothing in *Commerce's* redetermination asserts that it felt "new factual analysis" was required, or that the Defendant's proffered "principle of administrative law" was what precluded Commerce's analysis. *See* Remand Redetermination at 6.

B. **Defendant's Extremely Restrictive Interpretation of *Hyundai Steel* Runs Afoul of that Opinion, *Regents*, and Common Sense**

Not only has Defendant proffered *post hoc* rationalization, it does so based on a fundamental misunderstanding of *Hyundai Steel*. The Federal Circuit's observation that "Commerce's failure to base its ruling in whole or in part on section 1677b(f)(1)(A) means that section 1677b(f) is not available as an alternative ground for upholding Commerce's final determination" arose out of a situation wherein the alternative ground in question had

been raised (1) *only by an intervenor* and (2) *not until the case had reached the Federal Circuit*. *See Hyundai Steel Co. v. United States*, 19 F.4th 1346, 1356 (Fed. Cir. 2022) ("Nor did Welspun (or any other defendant before the Trade Court) rely on that section in support of Commerce's adjustments in its final determination. And the Trade Court did not address the section 1677b(f)(1)(A) argument that Welspun has now raised."). This procedural posture—*i.e.*, a different litigant espousing a new rationale that the agency never had an opportunity to address or adopt—is what drove the court's observation. The authorities invoked in support confirm as much. *See Hyundai Steel*, 19 F. 4th at 1356 (citing *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("*Chenery II*") ("a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis."); *Changzhou Wujin Fine Chem. Factory Co. v. United States*, 701 F.3d 1367, 1379 (Fed. Cir. 2012) (materially same and quoting *Chenery II* in part); *Thai I-Mei Frozen Foods Co. v. United States*, 616 F.3d 1300, 1307 (Fed. Cir. 2010) ("Although the government makes various arguments to support its position that a general preference for exclusion of sales outside the ordinary course of trade is reasonable, we review only the bases on which Commerce made its determination.")). All of the foregoing opinions speak to the Court's inability to affirm agency determinations based upon rationales that the agency itself never adopted administratively. None of these opinions preclude an agency from espousing a new rationale during an administrative remand.

In stark contrast to the scenario addressed by *Hyundai Steel*, Plaintiffs here *did* rely on their alternative statutory pathways both before this Court and again during remand. *See* Plaintiffs' 56.2 Response at 7, 24-28; Plaintiffs' Draft Remand Comments at 3-9

(Appx012062-012068). Thus, *but for Commerce's refusal on remand*, Plaintiffs' alternative statutory arguments would have been addressed administratively, and would be part of Commerce's redetermination. Indeed, this sort of new analysis is expressly contemplated by *Regents*, the other case on which Defendant relies, *see* Defendant's Remand Comments at 6, wherein the Supreme Court states that the remedy for an inadequate agency determination is to order remand, acknowledges that an agency may undertake "new agency action" on remand, and explains that "{a}n agency taking this route is not limited to its prior reasons but must comply with the procedural requirements for new agency action." *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1907-08 (2020) (quoting *Chenery II*, 332 U.S. at 201) (emphasis supplied); *see also Venus Wire Indus. Pvt. Ltd. v. United States*, 471 F. Supp. 3d 1289, 1299 (Ct. Int'l Trade 2020) ("The remand proceeding is an administrative proceeding, meaning that Commerce's comments are not the post hoc rationalization of its counsel.") (quoting *Fengchi Imp. & Exp. Co., Ltd. of Haicheng City v. United States*, 98 F. Supp. 3d 1309, 1315 (Ct. Int'l Trade 2015)).

Insofar as Commerce used its remand proceedings to *reverse* the reasoning espoused in Commerce's original administrative determination—*i.e.*, undoing the sales-below-cost test PMS adjustment and newly reasoning that such an adjustment was not permitted—Commerce could not reasonably refuse to consider Plaintiffs' alternatives on the theory that it was not undertaking new agency action. *Compare* Final IDM at 16 ("the Act permits Commerce to address distortions in reported costs through various calculation methodologies, *including cost adjustments for purposes of the sales below cost test*") (emphasis supplied) (Appx002293), *with* Remand Redetermination at 4 ("Pursuant to the CAFC's decision in *Hyundai Steel* referenced above, the statute only permits the adjustment of cost of production for a PMS when making comparisons based on constructed value, *not for purposes of the sales-below-cost test*….consistent with the CAFC's precedential opinion in *Hyundai Steel*,

we…are not making a PMS adjustment when applying the sales-below-cost test.") (emphasis supplied). Put differently, Commerce's complete about-face is plainly not "a fuller explanation of the agency's reasoning at the time of the agency action," and therefore necessarily constitutes "new agency action." *See Regents*, 140 S. Ct. at 1907-08. Indeed, Plaintiffs made this very argument to Commerce during remand proceedings, and Commerce's response notably avoided addressing *Regents* or stating that the remand redetermination was not new agency action. *Compare* Plaintiffs' Draft Remand Comments at Appx012070-012071 (asserting that Commerce's remand redetermination constituted new agency action under *Regents*), *with* Remand Redetermination at 8-9 ("declin{ing} to consider {Plaintiffs'} argument").

Insofar as Commerce's about-face on remand is predicated solely upon a new court decision issued after Commerce's original agency determination, there is no lawful basis for Commerce to avoid Plaintiffs' arguments in response to that same court decision. At base, what Commerce did on remand and what it unlawfully refused to do are two sides of the same coin. That is, Commerce recognized that *Hyundai Steel* foreclosed certain statutory rationales, *see* Remand Redetermination at 4, but *Hyundai Steel* necessarily left other possibilities open, *see* Plaintiffs' Remand Comments at 7-17. Commerce's refusal to consider those alternative possibilities was arbitrary and lacked any lawful basis.

### III. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that any remand order issued by this court instruct Defendant to fully consider Plaintiffs' alternative statutory pathways.

*     *     *

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Myles S. Getlan |
|  | Myles S. Getlan<br>Jack A. Levy<br>Thomas M. Beline<br>James E. Ransdell<br>Nicole Brunda |
|  | **CASSIDY LEVY KENT (USA) LLP**<br>900 19th Street NW, Suite 400<br>Washington, DC 20006<br>T: (202) 567-2313<br>F: (202) 567-2301 |
| Dated: May 15, 2023 | Email: mgetlan@cassidylevy.com |
|  | *Counsel to Ellwood City Forge Co., Ellwood National Steel Co., Ellwood Quality Steels Co., and A. Finkl & Sons* |

## Certificate of Compliance with Chambers Procedures 2(B)(1)

The undersigned hereby certifies that the foregoing brief contains 2,942 words, exclusive of the caption blocks, table of contents, table of authorities, signature block, and certificates of counsel, and when combined with the 5,115 words of Plaintiffs' Comments in Opposition to the Final Results of Redetermination Pursuant to Court Remand, together comply with the maximum 10,000 word count limitation set forth in the Standard Chambers Procedures of the U.S. Court of International Trade.

By: /s/ Myles S. Getlan
Myles S. Getlan