### IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
### BEFORE:  THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

|  |  |
|---|---|
| ELLWOOD CITY FORGE COMPANY, ELLWOOD NATIONAL STEEL COMPANY, ELLWOOD QUALITY STEELS COMPANY, and A. FINKL & SONS, <br><br> Plaintiffs, <br> v. <br><br> UNITED STATES, <br><br> Defendant, <br> and <br><br> BGH EDELSTAHL SIEGEN GMBH, <br><br> Defendant-Intervenor. | Consol. Ct. No.  21-00077 |

**MOTION OF CONSOLIDATED DEFENDANT-INTERVENORS IN RESPONSE TO CONSOLIDATED PLAINTIFF'S UNTIMELY COMMENTS IN OPPOSITION TO COMMERCE'S SECOND REMAND RESULTS**

In their capacity as Consolidated Defendant-Intervenors, Ellwood City Forge Company, Ellwood Quality Steels Company, Ellwood National Steel Company (together, "Ellwood"), and A. Finkl & Sons ("Finkl") (collectively, "Defendant-Intervenors"), hereby respectfully bring to this Court's attention untimely comments filed by BGH Edelstahl Siegen GmbH ("BGH") in its capacity as Consolidated Plaintiff on January 22, 2024.  Defendant-Intervenors move this court pursuant to Rules 7 and 6(b) of the Rules of the U.S. Court of International Trade to either reject the untimely portion of BGH's comments or permit leave to reply to belated comments filed by BGH in its capacity as Plaintiff.  Defendant-Intervenors defer to the judgment of the court as to what response is most appropriate under these circumstances.

1

I.     BACKGROUND

This action consolidates certain challenges brought by Ellwood and Finkl as Plaintiffs in USCIT Ct. No. 21-00077 with certain challenges brought by BGH as Plaintiff in USCIT Ct. No. 21-00079. *See* Order on Consolidation Motion, ECF Doc. 18 (May 7, 2021). The court's original briefing schedule set forth a deadline by which "Plaintiffs" in the consolidated action should file opening briefs. Scheduling Order, ECF Doc. 20 (May 11, 2021). On the specified deadline, BGH filed an opening brief challenging, *inter alia*, the U.S. Department of Commerce's ("Commerce") finding of a particular market situation ("PMS"), BGH's Opening Brief, ECF Doc. 24 (Aug. 9, 2021) at 5-19, to which Ellwood and Finkl duly responded, *see* Consolidated Defendant-Intervenors' Response Brief, ECF Doc. 34 (Dec. 17, 2021) at 13-34. This Court's opinion ordering the first remand in this action postponed ruling on BGH's challenge to Commerce's PMS finding, instead remanding for Commerce to reconsider its calculations and noting that "this Court 'need not reach the question whether Commerce's PMS finding was supported by substantial evidence.'" *See* Slip Op. 22-122, ECF Doc. 55 (Nov. 8, 2022) at 37-38 (quoting *Hyundai Steel Co. v. United States*, 19 F.4th 1346, 1356 (Fed. Cir. 2022)) (Appx000037-000038).

This Court's opinion ordering a second remand likewise did not reach the issue of whether Commerce's PMS finding was supported, instead remanding for Commerce to adjust its calculations and address statutory alternatives advocated by Ellwood and Finkl as Plaintiffs. *See* Slip Op. 23-110, ECF Doc. 78 (July 24, 2023) at 11, 16 (Appx000059, Appx000064). BGH nevertheless included comments attacking Commerce's PMS finding in its comments on Commerce's draft remand results. *See* BGH's Comments on Draft Remand Results (Oct. 12, 2023) at 5-21 (Appx012174-012190). Consistent with Commerce's usual practice during remand proceedings, Commerce did not provide the parties an opportunity to respond to each

2

others' comments on Commerce's draft remand results. *See* Draft Second Remand Results (Sept. 28, 2023) at 11 (Appx099488) ("Parties will not be granted an opportunity to submit rebuttal comments."). Thus, Ellwood and Finkl had no administrative opportunity to respond to BGH's arguments on Commerce's PMS finding. Commerce's final redetermination addressed and rejected certain of BGH's contentions, but declined to address the rest on the ground that they fell outside the scope of the Court's second remand order. *See* Second Redetermination (Nov. 21, 2023) at 17-18. However, Commerce made clear that it was "leaving our finding regarding the existence of a PMS concerning both ferrochrome and electricity undisturbed," and was continuing to make a PMS adjustment for cost-to-price sales comparisons. *Id.* at 2, 7 (Appx012193, Appx012198).

## II. BGH FAILED TO COMPLY WITH THE DEADLINE FOR COMMENTS IN ITS CAPACITY AS PLAINTIFF SET FORTH BY THIS COURT'S OPINION ORDERING REMAND

When ordering a second remand, this Court set the following three-part schedule for comments on Commerce's remand results:

> ORDERED that <u>Plaintiffs</u> shall have 30 days from the filing of the Second Remand Redetermination to submit comments to the Court; and
>
> ORDERED that Defendant shall have 15 days from the date of Plaintiffs' filing of comments to submit a response; and
>
> ORDERED that Defendant-Intervenor shall have 15 days from the date of Defendant's filing of comments to submit a response.

Slip Op. 23-110 at 17-18 (Appx000065-000066) (emphasis supplied). The caption of the opinion clearly labeled BGH as a "Plaintiff." *Id.* at 1 (Appx000049). The cadence of deadlines set forth in Slip Op. 23-110 resembled the default deadlines for comments on remand results set forth in USCIT Rule 56.2(h)(2)-(3) (providing the parties with an earlier deadline for comments in support and a second, later deadline for comments in opposition).

3

In their capacity as plaintiffs in USCIT Ct. No. 21-000077, Ellwood and Finkl filed comments on the first of these deadlines, challenging Commerce's misconstruction of statutory alternatives for making non-PMS adjustments to correct BGH's distorted costs.  *See generally* Plaintiffs' Comments in Opposition to the Final Results of Commerce's Second Remand Redetermination Pursuant to Court Remand, ECF Doc. 83 (Dec. 21, 2023) ("Ellwood & Finkl's Second Remand Comments").  BGH filed no comments on this date, nor did it request extension of the relevant deadline.  The government responded to Ellwood and Finkl's comments on the second court-ordered deadline, addressing its arguments to the statutory analysis set forth in Ellwood's and Finkl's opening comments.  *See generally* Defendant's Response to Plaintiffs' Comments on Remand Redetermination, ECF Doc. 84 (Jan. 5, 2024).

On the third deadline, BGH filed comments wherein it identified itself as both "defendant-intervenor and plaintiff."  BGH Edelstahl Siegen GmbH Comments on Second Remand Redetermination, ECF Doc. 85 (Jan. 22, 2024) at 1 ("BGH Second Remand Comments").  The first two sections of these comments can fairly be construed as "a response" to Ellwood and Finkl's original comments.  *See id.* at 1-6 (Sections I.A-I.B).  However, the third section, comprising the large majority of BGH's submission, reiterated arguments akin to those in BGH's opening brief as Plaintiff in this action, asserting that Commerce's PMS finding is not supported by substantial evidence.  *Compare id.* at 6-22 (Section I.C), *with* BGH's Opening Brief, ECF Doc. 24 (Aug. 9, 2021) at 5-19.  BGH's belated comments in opposition to Commerce's PMS finding cannot fairly be construed as "responsive" to Ellwood and Finkl's initial comments, which did not concern whether Commerce's PMS finding was supported by substantial evidence, but expressly requested that Commerce "disregard the 'PMS' label" and asserted that Commerce "need not find a PMS" in order to pursue other statutory options for

4

addressing the remaining cost distortion.  *See, e.g.*, Ellwood and Finkl's Second Remand Comments at 10, 13 n.7.

BGH's substantial evidence challenges to Commerce's PMS adjustment, which has not changed as concerns cost-to-price comparisons since Commerce's original final determination, are plainly being submitted by BGH in its capacity as Plaintiff.  Commerce's remand results made clear that it was continuing to find a PMS and apply a PMS adjustment, albeit to a subset of BGH's sales.  Had BGH wished to challenge these conclusions, the Court's remand order provided it with a procedural route for doing so—filing comments as Plaintiff on the first deadline, to which the Government and Defendant-Intervenors would have then had the opportunity to respond.  BGH's dilatory conduct denied the Government and Defendant-Intervenors any such opportunity.

### III.   CONCLUSION AND REQUEST FOR RELIEF

Insofar as BGH wished to challenge Commerce's "undisturbed" PMS finding as unsupported by substantial evidence, BGH should have submitted any such comments as a Plaintiff on the first deadline established by Slip Op. 23-110.  BGH failed to do so, and its comments in Section I.C of its January 22, 2024, submission are untimely.  *See Former Emps. of Bass Enterprises Prod. Co. v. United States*, 13 C.I.T. 372, 373 (1989) ("The motion to strike the government's brief is granted because it was filed out of time without explanation and because no intervening request to extend time was made.").  BGH's delay has deprived both Ellwood and Finkl (in their capacity as Defendant-Intervenors in USCIT Ct. No. 21-00079) and the Government (in its capacity as Defendant) of an opportunity to respond in support of Commerce's factual analysis.

While Defendant-Intervenors respectfully defer to this Court with regard to the most appropriate action to remedy the inequitable circumstances described above, Defendant-Intervenors request that this Court either reject Section I.C of BGH's January 22, 2024, submission as untimely, or establish a further reply deadline for the Government and Ellwood & Finkl to respond to Section I.C of BGH's January 22, 2024, submission within 15 days of this court's order ruling on this motion.

*   *   *

Dated: February 2, 2024

Respectfully submitted,

/s/ Myles S. Getlan

Myles S. Getlan
Thomas M. Beline
James E. Ransdell
Nicole Brunda

**CASSIDY LEVY KENT (USA) LLP**
900 19th Street NW, Suite 400
Washington, DC 20006
T: (202) 567-2313
F: (202) 567-2301
Email: mgetlan@cassidylevy.com

*Counsel to Ellwood City Forge Co., Ellwood National Steel Co., Ellwood Quality Steels Co., and A. Finkl & Sons*